IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| NEIL W. DAVIS, TERESA T. DAVIS | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 15-06104-CV-SJ-HFS |
| | ) | |
| ATLAS ROOFING CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER TO SHOW CAUSE**

On or about May 21, 2015, plaintiffs filed suit in the Circuit Court of Platte County, Mo., asserting claims based on the alleged faulty installation of a roof on their home.[1] The docket sheet indicates that plaintiffs' counsel sought default judgment against VanTrump on or about July 8, 2015; the record does not reflect any action on this motion. (doc. 1-1).

On August 7, 2015, Atlas removed the action to this court pursuant to 15 U.S.C. § 2310(d) which gives this court original jurisdiction over the case under the Magnuson-Moss Warranty Act "MMWA" unless the amount in controversy is less than the sum or value of $50,000. (doc. 1, ¶ 4). Atlas states that prior to removal, Van Trump consented to removal and authorized Atlas to affix his electronic signature indicating his consent. (Id: ¶ 10). Van Trump's participation in this matter is therefore unclear. Atlas also states that while the petition did not state an exact amount in damages, only "above $25,000," plaintiffs noted in their motion for default judgment an amount of $100,000.

---

[1] The claims were asserted against defendants, Ray J. Van Trump d/b/a Crown Exteriors and Atlas Roofing Corporation, for violation of the Missouri Merchandising Practices Act, negligence, violation of the Magnuson-Moss Federal Trade Commission Act, and breach of contract/warranty.

Recently, plaintiffs' counsel called the court to inquire about the status of this case, noting that a motion for default judgment had been filed. A preliminary review of this matter raises a question of jurisdiction, and that is whether removal was proper. Plaintiffs have not filed a motion to remand, but a lack of federal subject matter jurisdiction may be raised by this court pursuant to 28 U.S.C. § 1447(c) even if the parties do not. <u>Central Associated Carriers, Inc. v. Nickelberry</u>, 995 F.Supp. 1031, 1032 (W.D.Mo. 1998). The court has an independent obligation to examine the petition for removal to determine if federal jurisdiction exists over the case. <u>Id</u>.

Accordingly, Atlas is directed to SHOW CAUSE in writing within fourteen days from the date of this order, offering legal authority for oral consent, if any, justifying removal.[2]

<u>/s/ Howard F. Sachs</u>
**HOWARD F. SACHS**
UNITED STATES DISTRICT JUDGE

September  3 , 2015

Kansas City, Missouri

---

[2] A party seeking to remove a case to federal court bears the burden of establishing subject matter jurisdiction "Perez v Forest Laboratories, Inc." 902 F.Supp.2d 1238 (E.D.Mo. 2012).